

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States Attorney's Office*
*50 Main Street, Suite 1100*
*White Plains, NY 10606*

January 22, 2025

**BY ECF AND EMAIL**

The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

      Re:    *United States v. Richard Guzman*, 21 Cr. 763 (PMH)

Dear Judge Halpern:

      The Government respectfully submits this letter to supplement its sentencing submission filed yesterday, January 21, 2025, in the above-referenced case. (*See* Dkt. 48). Since filing that submission, the Government has received disciplinary records of the defendant, Richard Guzman, from the Bureau of Prisons ("BOP"). The Government has forwarded those records to defense counsel in this case, Mr. Hochheiser, and attaches one of those records hereto as Exhibit A.

      As set forth in Exhibit A, on or about September 25, 2024, the defendant threatened a BOP senior officer specialist by shouting, "bitch keep that same energy when I lockout." (Exhibit A at 1). The defendant appeared on or about October 3, 2024 for a disciplinary hearing before a disciplinary hearing officer, who found that the defendant had committed the infractions of "threatening bodily harm" and "insolence to staff." (*Id.* at 7, 9). The defendant was sanctioned for these offenses, collectively, with the following measures: (i) disallowance of good conduct time of 34 days, which, all else equal, renders the defendant eligible for only 331, rather than 365, days of sentence reduction based on good behavior; (ii) 20 days of disciplinary segregation, *i.e.*, assignment to the special housing unit for that period of time;[1] (iii) loss of commissary privileges for 120 days; and (iv) and loss of social visits for 90 days. (*Id.* at 9).

      The Government respectfully submits that this disciplinary infraction is a further indication that an above-Guidelines sentence is necessary to protect the public and achieve deterrence in this case, as it shows that the defendant was unable—even while on pre-hearing detention for the offenses to which he is expected to admit tomorrow—to change his ways and conduct himself in a manner that does not pose a danger to others. The Guidelines simply do not take into account disciplinary infractions like the one set forth above, which nevertheless are an important indication

---

[1] The Metropolitan Detention Center's legal staff has informed the Government that the defendant was permitted to leave the special housing unit after approximately 13 days for good behavior.

of a defendant's dangerousness and likelihood of recidivism.  For this reason, and the reasons set forth in the Government's prior sentencing submission, an above-Guidelines sentence is warranted in this case.

Respectfully submitted,

DANIELLE R. SASSOON
United States Attorney

by:  /s/ *Ben Arad*
Ben Arad
Assistant United States Attorney

cc:  Daniel A. Hochheiser, Esq.

# EXHIBIT A

 **BP-A0288**

# INCIDENT REPORT

Dept. of Justice / Federal Bureau of Prisons

## Part I - Incident Report

| 1. Institution: **BROOKLYN MDC** | | Incident Report Number: **4001046** | |
|---|---|---|---|
| 2. Inmate's Name **GUZMAN, RICHARD** | 3. Register Number **65176-509** | 4. Date of Incident **09-25-2024** | 5. Time **0020 hrs** |
| 6. Place of Incident **HOTEL BRAVO** | 7. Assignment **UNASSG** | 8. Unit **4 DETC M/W** | |

| 9. Incident | 10. Prohibited Act Code(s) |
|---|---|
| **203 -- THREATENING BODILY HARM. 312 -- BEING INSOLENT TO STAFF MEMBER. (398 -- INTERFERING W/STAFF-MODERATE) MOST LIKE** | **203 312 398** |

11. Description Of Incident

(Date: **09-25-2024**    Time: **0120 hrs**    staff became aware of incident)

**On Wednesday September 25, 2024, at approximately 1220am I, Senior Officer Specialist T. Brown, assigned to Housing Unit H52 conducted the 12am count. When I came upon cell H03-504L, which is occupied by AIC Guzman Richard #65176-509, he became agitated and aggressive. He punched the cell door and stated the following " bitch keep that same energy when I lockout". I continued the institutional count and upon completion, I notified the Operations Lieutenant.**

| 12. Typed Name/Signature of Reporting Employee **Tamica Brown** | 13. Date And Time **09-25-2024 0125 hrs** | |
|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature) **S. GARCIA** | 15. Date Report Delivered **09-25-2024** | 16. Time Report Delivered **0949 hrs** |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270                                    Replaces BP-S288.052

| BP-A0288 | **INCIDENT REPORT** | |
|---|---|---|
| | Dept. of Justice / Federal Bureau of Prisons | |

| Inmate's Name | Register Number | Incident Report Number |
|---|---|---|
| **GUZMAN, RICHARD** | **65176-509** | **4001046** |

**Part II - Committee Action**

17. Comments of Inmate to Committee Regarding Above Incident

   **inmate stated "I never said that. It was not directly talking to her. It was a miscommunication. I was talking to my bunky at the time. I'm not guilty on my behalf."**

18. A. It is the finding of the committee that you:

   _ Committed the Prohibited Act as charged.

   — Did not commit a Prohibited Act.

   — Committed Prohibited Act Code(s)

   B. **X** The Committee is referring the Charge(s) to the DHO for further Hearing.

   C. **X** The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is based on Specific Evidence as Follows:

   **The greater weight of evidence supports the charge.**

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

   **41 days gct, 27 days ds, 120 days loss of commissary.**

21. Date And Time Of Action **09-26-2024 1035 hrs**    (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

**r.persaud**

**r.persaud**

| _____ | _____ | _____ |
|---|---|---|
| Chairman (Typed Name/Signature) | Member (Typed Name) | Member (Typed Name) |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270                                    Replaces BP-S288.052

| BP-A0288 | **INCIDENT REPORT** |
|---|---|
| | Dept. of Justice / Federal Bureau of Prisons |

| Inmate's Name | Register Number | Incident Report Number |
|---|---|---|
| **GUZMAN, RICHARD** | **65176-509** | **4001046** |

| Part III - Investigation | 22. Date & Time Investigation Began |
|---|---|
| | **09-25-2024 0949 hrs** |

23. Inmate Advised of Right To Remain Silent: You are advised of your right to remain silent at all stages of the discipline process. Your silence may be used to draw an adverse inference against you at any stage of the discipline process. Your silence may not be used to support a finding that you have committed a prohibited act.

The Inmate Was Advised Of The Above Right By   **S. GARCIA**

At (Date/time)   **09-25-2024 0949 hrs**

24. Inmate statement and attitude

**Inmate Guzman #65176-509 was read his right during the institutional disciplinary process. Inmate Guzman #65176-509 was provided a copy of the incident report. Inmate Guzman #65176-509 was interviewed and chose to make the following statement:**

**Not guilty, all I asked for was my tablet**

**Inmate Guzman #65176-509 displayed a fair attitude during the course of this investigation.**

**Inmate Guzman #65176-509 didn t request a witness.**

25. Other facts about the incident, statements of those persons present at scene, disposition of evidence, etc.

**N/A**

26. Investigator's comments and conclusions

**Based on the body of this report and the supporting documents this investigator finds sufficient evidence to support the charge(s) as written: 203- Threatening Bodily Harm, 312- Being Insolent to staff, 398- Interfering w/ staff (Moderate) Most Like**

27. Action taken

**Incident Report referred to UDC. Investigation/evidence supports charges. Inmate placed in Special Housing Unit pending UDC/DHO.**

Date and Time Investigation Completed:   **09-25-2024 1228 hrs**

Printed Name/Signature Of Investigator:   **S. GARCIA**

Investigator Title:   **SOS**



**BP-A0288**                    **INCIDENT REPORT**

Dept. of Justice / Federal Bureau of Prisons

BP-A0294
AUG 11

# Notice of Discipline Hearing Before the (DHO) CDFRM

## U.S. DEPARTMENT OF JUSTICE        FEDERAL BUREAU OF PRISONS

| | |
|---|---|
| | MDC BROOKLYN |
| | Institution |
| | 09/26/2024 |
| | Date |

| | |
|---|---|
| TO: GUZMAN | REG. NO.: 65176-509 |

ALLEGED VIOLATION(S): 203 -- THREATENING BODILY HARM. 312 -- BEING INSOLENT TO STAFF MEMBER. (398 -- INTERFERING W/STAFF-MODERATE) MOST LIKE

| | |
|---|---|
| DATE OF OFFENSE: 09/25/2024 | CODE NO.: 203,398,312 |

You are being referred to the DHO for the above charge(s).

The hearing will be held on: _____ TBD _____ at _____ (A.M./P.M.) at the following location:

_____

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) ____ (do not) **X** wish to have a staff representative.

If so, the staff representative's name is: _____

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety. Names of witnesses you wish to call should be listed below. Briefly state to what each proposed witness would be able to testify.

I (do) ____ (do not) **X** wish to have witnesses.

| NAME: | CAN TESTIFY TO: |
|---|---|
| | |
| NAME: | CAN TESTIFY TO: |
| | |
| NAME: | CAN TESTIFY TO: |
| | |

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s). Repetitive witnesses and repetitive character references need not be called. Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form. Date, sign, and return this form to the DHO.

| DATE: 09/26/2024 | SIGNATURE: X |
|---|---|

Notice of hearing before DHO given inmate 09-26-2024/ 10:35 AM by R. PERSAUD/
                                            Date/Time                        Staff Printed Name/Signature

*(This form may be replicated via WP)*                      Replaces BP-294(52) of JAN 88

PDF                                    Prescribed by P5270

BP-A0293        **Inmate Rights at Discipline Hearing**    CDFRM
AUG 11

**U.S. DEPARTMENT OF JUSTICE**                  **FEDERAL BUREAU OF PRISONS**

Institution: MDC BROOKLYN

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Inmate's Name: SILVA _____    Reg. No.: 92604-509

Inmate Signature: __X _Bruce C Silva_____    Date: _____09/26/2024_____

Notice of rights given to inmate(Date/time): _09-26-2024/10 AM_____

by: _____R.PERSAUD/ _____
                Staff Printed Name/Signature

(This form may be replicated via WP)                  Replaces BP-S293(52) of JAN 88.



**BP-A0304**    **DISCIPLINE HEARING OFFICER REPORT**    IR#:  4001046

Reg#: 65176-509

Dept. of Justice / Federal Bureau of Prisons        GUZMAN, RICHARD

| | |
|---|---|
| Institution: **BROOKLYN MDC** | Incident Report Number: **4001046** |
| NAME OF INMATE: **GUZMAN, RICHARD** | REG.NO.: **65176-509**    UNIT: **4 DETC M/W** |
| Date of Incident Report: **09-25-2024** | Offense Code(s): **203 312 398** |
| Date of Incident: **09-25-2024** | |

Summary of Charges:

**203 -- THREATENING BODILY HARM. 312 -- BEING INSOLENT TO STAFF MEMBER. (398 -- INTERFERING W/STAFF-MODERATE) MOST LIKE**

I.    NOTICE OF CHARGE(S)

A.    Advanced written notice of charge (copy of Incident Report) was given to inmate on **09-25-2024**    at **0949 hrs**  (by staff member) **S. GARCIA**

B.    The DHO Hearing was held on **10-03-2024**    at **0850 hrs**

C.    The inmate was advised of the rights before the DHO by (staff member):

**r.persaud**    on    **09-26-2024**

and a copy of the advisement of rights form is attached.

D.    Delay in Process    **None**

II.    STAFF REPRESENTATIVE

A.    Inmate waived right to staff representative:  [Yes] **X**        [No] _

B.    Inmate requested staff representative and

**NA**    appeared.

C.    Staff Representative's Statement:

**NA**

D.    Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:

**NA**

E.    Staff representative **NA**    was appointed.

III.    PRESENTATION OF EVIDENCE

A.    Inmate ( ) admits    ( **X** ) denies the charge(s).

B.    Summary of Inmate Statement:

**The inmate stated he was issued a copy of the incident report.  He did not request a staff representative, nor did he request witnesses provide testimony on his behalf during his hearing. He did not submit any documentary evidence for review by the DHO.  He stated he understood his rights before the DHO and he was ready to proceed with his DHO hearing.**

**He stated  "I didn't say that to her**



**BP-A0304**  **DISCIPLINE HEARING OFFICER REPORT**  IR#:  4001046
Reg#: 65176-509

Dept. of Justice / Federal Bureau of Prisons    GUZMAN, RICHARD

C.    Witnesses

1.    The inmate waived right to witnesses.  [Yes] **X**    [No]  __

2.    The following persons were called as witness at this hearing and appeared
(Each witness name and statement listed below):
**NA**

3.    The following persons requested were not called for the reason(s) given
(Each witness name and statement listed below):
**NA**

4.    Unavailable witnesses were requested to submit written statements and
those statements received were considered (Each witness name and
statement listed below):
**NA**

D.    Documentary Evidence. In addition to the Incident Report and
Investigation, the DHO considered the following documents:

E.    Confidential information was used by DHO in support of his findings, but
was not revealed to the inmate. The confidential information was documented
in a separate report. The confidential information has been (confidential
informants have been) determined to be reliable because:
**NA**

IV.    FINDINGS OF THE DHO
_ A. The act was committed as charged.    _ C. No prohibited act was committed:
**X** B. The following act was commmitted:    Expunge according to inmate
**203,312**    discipline PS.

V.    SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations
written documents, etc.)

**Your due process rights were read, and reviewed with you by the DHO, at the time of your hearing. You stated you understood your rights, and had no documentary evidence to present.  You did not request the services of a staff representative.  You did not initially request any witnesses provide testimony on your behalf.**

**Based on the weight of the evidence the DHO concluded the prohibited acts of threatening bodily harm (203) and insolence to staff (312) were committed.  The DHO based the decision on the following evidence:**

**On Wednesday September 25, 2024, at approximately 1220am I, Senior Officer Specialist T. Brown, assigned to Housing Unit H52 conducted the 12am count. When I came upon cell H03-504L, which is occupied by AIC Guzman Richard #65176-509, he became agitated and aggressive. He punched the cell door and stated the following " bitch keep that same**



**BP-A0304**   **DISCIPLINE HEARING OFFICER REPORT**   IR#: 4001046
                                                        Reg#: 65176-509

Dept. of Justice / Federal Bureau of Prisons        GUZMAN, RICHARD

energy when I lockout". I continued the institutional count and upon completion, I notified the Operations Lieutenant.

In addition, the DHO considered your testimony during the DHO hearing, in which you deny the charges.

Based on the evidence submitted in reference to this incident report, your reported actions met the threshold for threatening bodily harm (203) and insolence to staff (312) as described above. Based on the weight of the evidence, the DHO found you committed the prohibited act of threatening bodily harm (203) and insolence to staff (312).

---

VI.    SANCTION OR ACTION TAKEN
**203 (FREQ 1) - DIS GCT 27 DAYS, 203 (FREQ 1) - DS 20 DAYS, 203 (FREQ 1) - LP COMM 120 DAYS, 312 (FREQ 1) - DIS GCT 7 DAYS, 312 (FREQ 1) - LP VISIT 90 DAYS**

When imposing a sanction of Disciplinary Segregation (DS), The Discipline Hearing Officer considered the time served as a primary means when calculating your sanction of (DS). This may not always be a viable option, due to concerns related to the safety of staff, safety of inmates or safety and security of the institution.

---

VII.   REASON FOR SANCTION OR ACTION TAKEN
**The action/behavior on the part of any inmate to threaten bodily harm and refuse an order, threatens the health, safety, and welfare of not only the inmate involved, but that of all other inmates and staff. In the past, this type of action/behavior has been shown to result in serious injuries, even death, and serious loss of property. The sanctions imposed by the DHO were taken to inform the inmate that he will be held responsible for his actions/behaviors at all times.**

**The sanction involving Disciplinary Segregation was taken to deter any further negative behavior and to enforce the standard of inmate being held responsible for their actions. A total of 20 days Disciplinary Segregation is being implemented for this incident.**

**The sanctions imposed involving Disallowance of Good Conduct Time (34 days) and Loss Privileges (visits 90 days and commissary 120 days) were also taken to enforce the standard of inmates being held responsible for their actions. It is believed, and past evidence has supported that this type of behavior can be disruptive to the Security or Orderly Running of a BOP Facility and cannot be tolerated.**

**The DHO considered your disruptive behavior, your unwillingness to accept responsibility for your actions, and the seriousness of this particular prohibited act infraction. The fact is there is a zero tolerance for inmates to threaten bodily harm or refuse orders in a Correctional Setting, when determining your slightly progressive sanctions for this prohibited act.**

**You should be aware, any future disruptive behavior, will be cause for the DHO to consider more significant progressive disciplinary sanctions, in accordance with P.S. 5270.09, Page 55, in an effort to convince you this type of behavior is not acceptable, and it is imperative to abide by all institutional rules, and regulations. This type of behavior will ABSOLUTELY not be tolerated.**

**The DHO expects these sanctions will serve to deter you from similar misconduct in the future and convince you to abide by all institution rules and regulations.**

---



| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** | IR#:  4001046 |
|---|---|---|
| | | Reg#: 65176-509 |
| Dept. of Justice / Federal Bureau of Prisons | | GUZMAN, RICHARD |

VIII.   APPEAL RIGHTS:  **X**  The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX.   Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| **E. ROGERS** | **E. ROGERS** | **10-09-2024** |

DHO Report Delivered to Inmate by:

| **T LEE** | **T LEE** | **10-10-2024 1128 hrs** |
|---|---|---|
| Printed Name of Staff | Signature of Staff | Date & Time Delivered |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270                                      Replaces BP-304(52) of Jan 88